UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MALCOLM POE                                         *       CIVIL ACTION

VERSUS                                              *       NO. 05-1840

MAERSK LINE LIMITED                                 *       SECTION "L"(3)

### ORDER

Before the Court is the Plaintiff's Motion for New Trial (Rec. Doc. 28). On February 27, 2007, the Court granted the Defendant's Motion to Dismiss for Failure to Prosecute, thereby dismissing all claims in this matter with prejudice.[1] In the instant motion, the Plaintiff contends that he did not have an opportunity to oppose the Defendant's motion to dismiss prior to it being granted by the Court.

Since the Federal Rules of Civil Procedure do not specifically recognize a motion for rehearing, such motions are treated as either a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure or a motion for relief from judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). If the motion is filed within ten days of the rendition of judgment, it shall be governed by Rule 59(e); if the motion is filed after ten days of the rendition of judgment, it shall be governed by Rule 60(b). *Lavespere*, 910 F.2d at 173. In the present case, the Court entered its ruling on February 27, 2007. The Plaintiff's motion was filed on March 14, 2007. Accordingly, as the

---

[1] This includes claims asserted against the Plaintiff in the Defendant's counterclaim and in the petition of intervention.

motion was filed more than ten days after the Court's ruling, it is subject to the standards of Rule 60(b).

Under Rule 60(b), a district court may reconsider an earlier order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief.  Fed. R. Civ. Proc. 60(b).

As noted, the Plaintiff contends that the Court made a mistake by granting the Defendant's motion to dismiss prior to receiving an opposition from the Plaintiff.  However, the Plaintiff does not offer an explanation for his continued failure to prosecute this action, as outlined in the Defendant's memorandum in support of its motion to dismiss (Rec. Doc. 25-5). Accordingly, the Court finds that the Plaintiff has not set forth sufficient reasons to justify relief under Rule 60(b), and thus IT IS ORDERED that the Plaintiff's Motion for New Trial is DENIED.

New Orleans, Louisiana, this __20th__ day of __April__, 2007.

_____
UNITED STATES DISTRICT JUDGE